Rogelio HEADLEY, Plaintiff–Appellant,

v.

Superintendent Brian FISHER, Sing Sing Correctional Facility, Correctional Officer Simpson, Correctional Officer B. Ellis, Correctional Officer T. Rizzuto, Defendants–Appellees.*

No. 13–1967–PR.

United States Court of Appeals, Second Circuit.

March 21, 2014.

Rogelio Headley, pro se, Panama City, Panama, for Appellant.

---

* The Clerk of the Court is directed to amend the caption of this case as set forth above.

Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Claude S. Platton, Assistant Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Appellees.

PRESENT: CHESTER J. STRAUB, ROBERT D. SACK, RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Rogelio Headley, proceeding *pro se*, appeals from the District Court's dismissal of his action for failure to prosecute and the District Court's partial grants of defendants' motions to dismiss and for summary judgment. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part.

We review for abuse of discretion a district court's decision to dismiss an action for failure to prosecute, *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir.2009), and in doing so we consider five factors:

> whether[ ] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir.2004). A district court is not required to discuss each factor on the record. *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999).

With these factors in mind, we conclude that the District Court did not abuse its discretion when it dismissed Headley's action for failure to prosecute, and we accordingly affirm its order. The record demonstrates that (1) Headley's failure to prosecute resulted in a nearly year-and-a-half delay from the originally scheduled trial date, (2) Headley received notice that further delay could result in dismissal, and (3) the District Court considered, but rejected, the alternative of permitting Headley to appear by teleconference.

Headley also challenges the partial grants of defendants' motions to dismiss and for summary judgment. However, with exceptions not relevant here, "interlocutory orders do not properly merge with a final judgment dismissing an action for failure to prosecute." *Id.* at 192. Therefore, we lack jurisdiction to consider Headley's arguments with respect to the District Court's interlocutory rulings.

We have considered Headley's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.